# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-392V
Filed: April 3, 2013

* * * * * * * * * * * * * * * * * * * * * * * *

BRIAN RIFE and ANNE RIFE,       *
parents of B.R., a minor,      *
     *
      Petitioners,      *
v.      *
     *
     *
SECRETARY OF HEALTH      *
AND HUMAN SERVICES,      *
     *
      Respondent.      *
     *

* * * * * * * * * * * * * * * * * * * * * * * *

NOT TO BE PUBLISHED

Special Master Zane

Damages; Proffer on award of compension; inactivated polio vaccine (IPV); diphtheria-tetanus-acellular-pertussis (DTaP); haemophilus influenza vaccine (Hib); pneumococcal conjugate vaccine; liability conceded.

*Ronald C. Homer*, Conway, Homer & Chin-Caplan, Boston, MA, for Petitioner
*Gordon E. Shemin*, United States Dep't of Justice, Washington, D.C., for Respondent

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On June 19, 2012, Brian and Anne Rife ("Petitioners") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986 ("the Vaccine Act"), 42 U.S.C. § 300a-10, *et seq.*, as amended on behalf of B.R., a minor. Petitioners alleged that as a result of receiving the inactivated polio vaccine, the diphtheria-tetanus-acellular-pertussis vaccine, the haemophilus influenza vaccine, and the pneumococcal conjugate vaccine, all on August 25, 2009, B.R. developed sterile abscesses. Petition at 1. On September 13, 2012, Respondent filed

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be disclosed and made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review, agrees that the identified material fits within the banned categories listed above, the Special Master shall redact such material from public access. 42 U.S.C. § 300aa-12 (d) (4); Vaccine Rule 18 (b). In the absence of a motion or should the Special Master disagree with the proposed redactions, the decision shall be disclosed in its entirety.
.

her Report in accordance with Vaccine Rule 4(c), recommending that compensation under the Act be awarded in this case. Thereafter, on October 9, 2012, undersigned issued a ruling, finding that Petitioners were entitled to compensation. Also, on that same date, undersigned issued a order providing guidance and a schedule for resolving the issues relating to damages.

On March 29, 2013, Respondent filed a Proffer on Award of Compensation ("Proffer"), to which Petitioner agrees. Based upon the record as a whole, the undersigned finds the Proffer reasonable and finds that Petitioner is entitled to an award as stated in the Proffer. Pursuant to the Proffer, attached as Appendix A and Tab A thereto, the undersigned awards Petitioner:

A. **A lump sum payment of $35,000.00, representing the actual and projected pain and suffering, in the form of a check payable to Brian and Anne Rife, as the guardians/conservators of B.R.'s estate, for the benefit of B.R.; and**

B. **A lump sum payment of $1,667.18, representing compensation for payment for past unreimbursed expenses, in the form of a check payable to Brian and Anne Rife, petitioners.**

The Court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment consistent with this decision.[2]

**IT IS SO ORDERED.**

/s/ Daria J. Zane
Daria J. Zane
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
)
BRIAN RIFE and ANNE RIFE,        )
parents of B.R., a minor,           )
                             )
        Petitioners,          )     No. 12-392V
                             )     Special Master Zane
        v.                 )     ECF
                             )
SECRETARY OF HEALTH AND     )
HUMAN SERVICES,           )
                             )
        Respondent.       )
_____)

## PROFFER ON AWARD OF COMPENSATION

**I.**      **Items of Compensation**

      A.      Life Care Items

Respondent proffers that B.R. is not entitled to an award for future vaccine-related medical care. Petitioners agree.

      B.      Lost Future Earnings

Respondent proffers that B.R. is not entitled to an award for future lost earnings. Petitioners agree.

      C.      Pain and Suffering

Respondent proffers that B.R. should be awarded $35,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

      D.      Past Unreimbursable Expenses

Evidence supplied by petitioners demonstrates their expenditure of past unreimbursable expenses related to B.R.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $1,667.18. Petitioners agree.

E.      Medicaid Lien

Petitioners represent that there are no Medicaid liens outstanding against B.R.

## II.      Form of the Award

The parties recommend that the compensation provided to B.R. should be made through a lump sum payment as described below, and request that the Special Master's decision and the Court's judgment award the following:

A.      A lump sum payment of $35,000.00 in the form of a check payable to petitioners, Brian and Anne Rife, as the guardians/conservators of B.R.'s estate, for the benefit of B.R. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of B.R.'s estate; and

B.      A lump sum payment of $1,667.18, representing compensation for past unreimbursable expenses, payable to Brian and Anne Rife, petitioners.

1.      Guardianship

No payments under Section II. A. shall be made until petitioners provide the Secretary with documentation establishing their appointment as the guardian/conservator of B.R.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of B.R. at the time a payment is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of B.R. upon submission of written documentation of such appointment to the Secretary.

2

**III.     Summary of Recommended Payments Following Judgment**

      A.     Lump sum paid to petitioners as guardians/conservators
            of B.R.'s estate:                                                        **$35,000.00**

      B.     Lump sum paid to petitioners:                                **$1,667.18**

Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

*/s/ Gordon Shemin*
GORDON SHEMIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Phone:  (202) 616-4208
Dated: March 29, 2013                Fax:     (202) 353-2988